## FIRST STATE BANK OF MONTGOMERY et al. v. KAMERON.

### No. 2042.

Court of Civil Appeals of Texas. Beaumont.
Jan. 29, 1931.

Rehearing Denied Feb. 25, 1931.

S. A. Crawford, of Conroe, for appellants.

Strode & Pitts, of Conroe, for appellee.

WALKER, J.

On the 22d day of May, 1926, appellee Tom Kameron and appellants W. H. Lynch and M. R. Rabun entered into the following contract:

"State of Texas

"County of Montgomery

"It is agreed by and between the parties hereto, being Tom Kameron, party of first part, and M. R. Rabun and Buck Lynch, parties of second part, that said parties of the second part shall have the right to cut and remove all cross ties off and from a certain 320 acre survey of land in Montgomery County, Texas, known as the J. I. Foster Survey, belonging to party of first part, and in consideration, the parties of the second part agree to pay party of the first part the sum of six cents per tie for each and every tie cut and removed by them from said land; and further provided that if said ties should sell for more than forty cents each to the railroad company or tie company buying same, that the excess of 40 cents per tie shall be divided equally between each party hereto, that is to say one third to party of first part and two thirds to parties of second part, and if said ties should sell for less than 40 cents each tie, then party of first part agrees to stand one third loss below said 40 cents.

"It is further agreed that all vouchers issued for said ties shall come to and be received by the First State Bank of Montgomery, Texas, which said bank is authorized to make distribution of said money as per above agreement.

"Witness our hands in duplicate, this 22 day of May, 1926.

"Tam Kameron,
"Party First Part.
"W. H. Lynch
"M. R. Rabun
"Parties Second Part."

The ties cut from appellee's land under this contract sold for more than 40 cents each, and the parties, being unable to agree on the amount due appellee Kameron for the excess above this price, deposited with the First State Bank of Montgomery the amount in dispute. W. H. Lynch and M. R. Rabun, having executed to the bank a satisfactory bond, were permitted by it to withdraw the money thus deposited.

This suit was by appellee Tom Kameron against appellants W. H. Lynch, M. R. Rabun, and the First State Bank of Montgomery to recover the sum of $257, as the amount in dispute. In effect, the suit was for the purpose of construing the contract. Appellee pleaded the contract, and on its literal language, claimed that W. H. Lynch and M. R. Rabun were due him the sum sued for as the excess value of the ties cut from his land. These appellants answered by general demurrer, general denial, and further that the contract, as written, did not express the intent of the parties, in that it stipulated only for the cutting of the 40-cent tie when the facts were the parties contracted for the cutting of both a 40-cent tie and a 60-cent tie; that the 40-cent tie sold for 55 cents and on this tie appellee was due the stipulated excess; and that the 60-cent tie sold for 75 cents and on this tie appellee was due the stipulated excess above 60 cents, and not above 40 cents. If appellants are correct in their construction of the contract,

or if it can be reformed in accordance with their plea, nothing further was due appellee. But if he was entitled to the stipulated excess above 40 cents for all ties cut from his land, then an additional sum was due him above what appellants had already paid him. The trial was to a jury and on conclusion of the evidence both parties asked for an instructed verdict. Appellee's motion was granted and judgment rendered in his favor for the amount sued for. In support of this judgment the lower court filed conclusions both of fact and law, to which appellants duly excepted.

No exceptions were sustained against appellants' plea of mistake in execution of the contract. The following was all the testimony offered by him on this issue, which was refused by the lower court:

"Be it remembered that on the trial of the above entitled and numbered cause in this court on the 24th day of April, 1930, while the defendant, M. R. Rabun, was on the witness stand he was asked the question by his counsel if by mistake there was left out of the tie contract, which was signed by Tom Kameron, M. R. Rabun and Buck Lynch, a clause which had been agreed upon between them wherein the contract provided for a 60-cent tie being cut and sold from the 320 acres of land in the J. I. Foster survey as well as a 40-cent tie, the latter being mentioned in the contract, to which question counsel for Tom Kameron, plaintiff, excepted because it varied the terms of the written contract and to which question the defendant, M. R. Rabun, would have answered, if he had been permitted to do so by the court, that the contract should have mentioned the 60-cent tie as well as the 40-cent tie."

Without additional supporting evidence, no error was committed in excluding this testimony. Appellants rested under the burden of showing the real contract. This testimony did not go that far. There was no suggestion by this testimony as to the excess to be paid appellee on the 60-cent tie. The testimony did not even suggest that he was to be paid any excess on the 60-cent tie, provided the parties were contracting in view of a tie at that price. The evidence offered and excluded was wholly immaterial on the record made by appellants.

Appellants further insist that the trial court should have instructed a verdict in their behalf, in any event, on the theory that there was no evidence as to the amount due appellee under his construction of the contract. The record does not sustain this proposition. No issue was made by the evidence as to the amount due appellee, provided he was correct in his theory of the case. T. L. Wilcox, cashier of First State Bank of Montgomery, with whom this money was on deposit in escrow, testified as follows as to the amount in controversy:

"I did not figure this out myself; but took their figures for it. It is the amount that all parties at the time agreed to be held in trust."

There was no conflict as to this testimony. The contract being unambiguous, and there being no evidence that it was executed by mistake, and the evidence being undisputed as to the amount held in escrow by the First State Bank of Montgomery, the court correctly instructed a verdict for appellee.

It is therefore our order that the judgment of the lower court be, and the same is hereby, in all things affirmed.